U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 2 4 2014

TONY R. MOORE, CLERK
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| FRED TAYLOR, ET AL. | CIVIL ACTION NO. 13-2227 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE MARK HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion to dismiss the Plaintiffs' claims, filed by the Defendants, City of Shreveport (the "City"), Willie Shaw, Jr., Duane Huddelston, David Kent, and Debbie Strickland. [Record Document 20]. In this motion, the Defendants seek to dismiss all remaining claims filed by the Plaintiffs, Fred Taylor, Vickie Williams, Jessica Walker, and Michael Carter. The Plaintiffs oppose the Defendants' motion. [Record Document 22]. For the reasons that follow, the Defendants' motion to dismiss shall be **GRANTED**, and the Plaintiffs' claims against the Defendants are **DISMISSED**.

I.    FACTUAL BACKGROUND.

The Plaintiffs filed a "Class Action Petition" in Louisiana State Court, alleging that the City's revised sick leave policy (the "Policy") for the Shreveport Police Department is unlawful and has violated the rights of the Plaintiffs, all of whom are Shreveport police officers. First, the Plaintiffs challenge SPD 301.06(V)(C)(6) and SPD 301.06(V)(F)(5)(a), which, in concert, provide that sick leave taken for longer than fifteen consecutive days may result in a permanent transfer or reassignment to a different shift to ensure the effective operation of the Department. See Record Document 3-2, pp. 5 & 8.  A

subsequent provision states that officers will be assigned to the Human Resources Department after fifteen consecutive days of sick leave. Record Document 3-2, p. 8. The Plaintiffs assert that "automatically transferring an officer on extended sick leave to the Human Resources Department deprives officers of their seniority within their shift and working unit solely due to their being on extended sick leave and therefore effects a condition of the officer's employment due to a disability and/or the department's perception that the officer has a disability." Record Document 16, p. 3. The Plaintiffs also challenge the application of this policy to Plaintiff Walker, who is pregnant. Because of her pregnancy, Plaintiff Walker will be required to take extended sick leave and fears she will be transferred to Human Resources, thereby losing seniority on her shift in her unit and/or losing her shift and assignment permanently. See id. at p. 9.

Second, the Plaintiffs lodge an equal protection challenge, alleging that the Policy is being applied to some officers, but not others. Plaintiff Walker asserts that the Policy was applied to her, but was not applied to "at least one black female supervisor" and "other officers (usually supervisors) . . . ." Id. at 10.

Third, the Plaintiffs challenge SPD 301.06(V)(F)(1), (2), and (3), which require disclosure of medical information upon the use of sick leave. These provisions provide that for any sick leave event, the officer must provide certain information to his supervisor, including his name, address, telephone number, nature of illness or injury, whether the illness or injury was sustained in the performance of duty, and the name of the health care provider, if any, who has been consulted about the illness or injury. See Record Document

3-2, pp. 7-8.  If the officer takes more than two days of undocumented sick leave,[1] then on

the third sick leave event and every subsequent event in that year, the officer must

complete an SPD-3 form,[2] referred to in the Policy as a Sick Leave Certificate.[3]  See id.

The SPD-3 form requires the health care provider to identify the officer's complaint or

diagnosis, the treatment provided, complications, date of examination, work status,

whether there exists a chronic condition requiring further absences, and the prognosis.

See id. at p. 13.  SPD-3 forms are to be maintained in the Human Resources Department.

See id. at p. 8.

 The Plaintiffs assert that these requirements, which allow the Shreveport Police

Department to learn of an officer's medical information, violate the Americans with

Disabilities Act ("ADA"), the Rehabilitation Act, the Louisiana Constitution, and the

Louisiana Employment Discrimination Statute.  Further, the Plaintiffs complain that these

requirements force them to pay for medical appointments or use insurance to pay for

appointments simply to be able to comply with the Policy requiring the SPD-3.  Moreover,

the Plaintiffs believe their confidential medical information is not being securely maintained

and/or kept confidential, such that they have a cause of action for improper disclosure.  In

fact, Plaintiff Walker asserts that her medical information was improperly disclosed, in that

---

[1] Undocumented sick leave is defined as leave taken for a personal sickness or to care for an immediate family member, where a doctor is not required to provide medical information or a medical excuse to the Shreveport Police Department.  See Record Document 3-2, p. 3.

[2] In lieu of using the SPD-3, a health care provider may provide the same information on his or her own letterhead.  See Record Document 3-2, p. 8.

[3] The SPD-3 form is found in the record at Record Document 3-2, p. 13.

her supervisors discussed her medical condition without her permission or consent, and allegedly without any legitimate need. Further, these disclosures were made within hearing of other officers. According to Plaintiff Walker, the conversation implied that she was being dishonest about her medical condition, and this implication caused her to suffer stress, embarrassment, and damage to her reputation.

Finally, Plaintiff Williams complains that, pursuant to the Policy, she was forced to work a scheduled day off after having taken sick leave, which thereby deprived her of having a paid sick leave day.

The Defendants removed the case to federal court and quickly filed a motion to dismiss, which the Plaintiffs opposed. See Record Documents 3, 6, & 7. The complaint was, by and large, so woefully deficient that the Court could not decipher the legal basis for the majority of the claims, nor could it determine whether sufficient facts were alleged to support the claims. At oral argument, the Court granted in part the Defendants' motion to dismiss, thereby dismissing a number of claims. The Court permitted the Plaintiffs to amend the complaint to reallege some claims and also allowed the Defendants the opportunity to reurge their motion to dismiss on all remaining claims.[4]

---

[4]The Court permitted the Plaintiffs to reallege: (1) their challenge to SPD 301.06(V)(C)(6) and SPD 301.06(V)(F)(5)(a); the Plaintiffs were also permitted to amend to add individual defendants on this claim; (2) an Equal Protection Clause challenge as applied among City police officers; the Plaintiffs were also permitted to amend to add individual defendants on this claim. The Court denied the Defendants' motion to dismiss, with the right to reurge:  (1) the Plaintiffs challenge to SPD 301.06(V)(F)(1), (2), (3), but the Court noted that the claim was viable against the City only and could not be maintained against any individual defendant; (2) the Plaintiffs' claims that the aforesaid provisions require an officer to pay for a medical examination or use their health insurance in order to verify sick leave absences; and (3) Plaintiff Williams's claim that she was forced to work a scheduled day off after taking sick leave; Plaintiff Williams was permitted to amend to add individual defendants to this claim.

The Plaintiffs filed a amended complaint [Record Document 16] and a second amended complaint [Record Document 19].  The Defendants then filed the instant motion to dismiss.  [Record Document 20].

II.    LAW AND ANALYSIS.

Federal Rule of Civil Procedure 8 requires a short and plain statement of the claim showing the pleader is entitled to relief.  A complaint is not required to contain detailed factual allegations, however, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)(internal marks and citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2008) (internal marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  This plausibility requirement "asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. However, the complaint cannot be simply "unadorned, the-defendant-unlawfully-harmed-me accusation[s]."  Id.

---

When the Plaintiffs amended their complaint, they added two new claims not previously raised or addressed at oral argument:  (1) the Defendants' improper disclosure of Plaintiff Walker's medical information and (2) the violation of the Rehabilitation Act. The claims articulated above reflect the only remaining, viable claims the Plaintiffs have against the Defendants.

As the Fifth Circuit has explained, in order to survive a 12(b)(6) motion, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Rios v. City of Del Rio, 444 F.3d 417, 420–21 (5th Cir. 2006) (internal marks and citation omitted). Moreover,

> a statement of facts that merely creates a suspicion that the pleader might have a right of action is insufficient. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. The court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint. Further, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.

Id. at 421 (internal marks and citations omitted).

In applying the 12(b)(6) standard to this case, the Court would be remiss if it failed to note that the difficulty of its job was increased considerably by the scattershot approach the Plaintiffs took in their complaints and their opposition to the instant motion to dismiss. The Court's efforts to reach a clear and concise opinion have been frustrated by the Plaintiffs' unorganized approach in this case. Neither the factual allegations nor the legal bases cited in support thereof are straightforward or easily discernible. The state of the law, and its applicability to the facts of this case, is poorly briefed. Further complicating matters is the Plaintiffs' tactical decision to change legal theories midstream. That is, when the Plaintiffs anticipate defeat on one aspect of a claim, they abandon or utterly ignore previous legal bases and, instead, attempt to articulate a different manner of violation than that initially raised.

Each of the Plaintiffs' remaining claims will be addressed in turn.

1.    Challenge to SPD 301.06(V)(C)(6) & SPD 301.06(V)(F)(5)(a).

The Plaintiffs challenge SPD 301.06(V)(C)(6) and 301.06(V)(F)(5)(a), which provide

that if an officer takes more than fifteen consecutive days of sick leave, he or she may be

transferred to the Human Resources Department or another unit. The Plaintiffs argue that

this transfer would cause them to lose seniority "within their shift and working unit," which

is determinative of duty assignments and requests for time off. This loss of seniority, it is

alleged, "effects a condition of the officer's employment due to a disability and/or the

department's perception that the officer has a disability." Record Document 16, p. 3. The

Plaintiffs seemingly argue that the Policy violates the ADA. Plaintiff Walker also challenges

the application of these provisions to her. Because she is pregnant and will take extended

sick leave following the birth of her child, she anticipates she will be transferred to Human

Resources, thereby causing her to lose her seniority on her shift in her unit. See Record

Document 16, p. 9.

The Defendants respond that the Plaintiffs have not alleged that they have a

disability within the meaning of the ADA, nor have they demonstrated that they have

suffered an adverse employment decision.

With respect to the ADA, the Plaintiffs' opposition to the instant motion focused

exclusively on Title II of the ADA, presumably as a tacit admission that all of their claims

under Title I[5] fail because Title I, as opposed to Title II, requires the exhaustion of

---

[5] Title I, which prohibits disability discrimination in employment, provides: "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

administrative remedies, which the Plaintiffs have failed to do.  For these reasons, the Court will only consider whether the factual allegations support a claim under Title II of the ADA.

Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  The ADA defines disability as (1) a physical or mental impairment that substantially limits one or more major life activities of an individual, (2) a record of such an impairment, or (3) being regarded as having such an impairment. See 42 U.S.C. § 12102(1). "An employee who cannot perform essential job requirements, even with accommodation, is not a qualified person with a disability." Appel v. Inspire Pharm., Inc., 428 F. App'x 279, 284 (5th Cir. 2011).

For a claim to be alleged under Title II of the ADA, the complaint must contain factual allegations that:  (1) the plaintiff is disabled, (2) he has been excluded from participating in, or been denied the benefit of, services, programs, or activities for which the public entity is responsible, and (3) such exclusion or denial was by reason of his disability. See Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011).   "The sine qua non of an ADA claim is that the plaintiff is a qualified individual with a disability." Pedroza v. Autozone, Inc., 536 F. Supp. 2d 679, 689 (W.D. Tex. 2008).  Thus, the Plaintiffs here are required to prove they are, indeed, disabled within the meaning of the statute.  Those "claiming the Act's protection" must "prove a disability by offering evidence that the extent of the limitation in terms of their own experience . . . is substantial." Albertson's, Inc. v. Kirkingburg, 527 U.S. 555, 567, 119 S. Ct. 2162, 2169 (1999).

With the exception of Plaintiff Walker, the complaint and amended complaints do not allege either that the Plaintiffs have a history of a disability or that they are currently "regarded" as having a disability. As such, the Court concludes that the Plaintiffs have failed to allege facts sufficient to demonstrate that they have a disability such that they are considered a qualified individual under the ADA. Accordingly, dismissal is appropriate because the complaint lacks an allegation regarding a required element of a Title II ADA claim.

The claim by Plaintiff Walker, though she is pregnant, fares no better. Indeed, the Equal Employment Opportunity Commission's interpretative guidance on the ADA establishes that "conditions, such as pregnancy, that are not the result of a physiological disorder are also not impairments." 29 C.F.R. Pt. 1630, App. (2014); see also Villarreal v. J.E. Merit Constructors, Inc., 895 F. Supp. 149, 152 (S.D. Tx. 1995); Hardin v. Caterpillar, Inc., 1998 WL 930632, *2 (N.D. Miss. Oct. 9, 1998); Cummings v. Circus Circus Mississippi, Inc., 1997 WL 560870, *4 (N.D. Miss. 1997). Although "a pregnancy-related impairment that substantially limits a major life activity is a disability," 29 C.F.R. Pt. 1630, App., Plaintiff Walker has not alleged that her pregnancy has substantially limited a major life activity. Furthermore, while "a pregnancy-related impairment may constitute a 'record of' a substantially limiting impairment, or may be covered under the 'regarded as' prong if it is the basis for a prohibited employment action and is not transitory and minor," id. (internal marks omitted), Plaintiff Walker has not alleged this either. Accordingly, the Court finds that Plaintiff Walker has failed to allege facts sufficient to demonstrate that her pregnancy constitutes a disability under the ADA, and her claims shall be dismissed.

2.      Equal Protection Challenge.

Plaintiff Walker argues that the Policy is being disparately applied among the City police officers, in that it has been applied to her, but has not been applied to "one black female supervisor." Record Document 16, p. 10. Furthermore, Plaintiff Walker contends that she has been "harassed by her supervisors regarding use of sick leave . . . while other members of the police department have not suffered such harassment" and that "[u]pon information and belief, other officers (usually supervisors) are not required to follow the disclosure of medical information, stay at home, or fill out an SPD-3." Id. Plaintiff Walker summarily concludes, without any support, that this Policy, as applied to her, violates her equal protection rights under the state and federal constitutions.

As previously mentioned, the Plaintiffs were afforded the opportunity to amend this claim in order to survive dismissal. Although they did amend, they still have failed to set forth with any particularity the information crucial to surviving dismissal. That is, there is no information provided regarding to whom the Policy has not been applied, and more importantly, how any of this constitutes a violation of Plaintiff Walker's equal protection rights. Although all "well-pleaded" facts must be taken as true and viewed in the light most favorable to the Plaintiffs, the Court is entitled to demand "well-pleaded facts." The Court is not required to fill in the gaps, speculate as to what cause of action the plaintiff may have, or create out of whole cloth the facts necessary to support that cause of action. In other words, the Court's review of the sufficiency of the complaint cannot be comprised of conjecture, making a best guess at what the Plaintiffs' case may be. Further, as the Supreme Court has explained, a complaint is insufficient "if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1950 (internal

marks omitted). "Gone are the days when a plaintiff could assert 'a wholly conclusory statement of claim' and survive a motion to dismiss simply because his 'pleadings left open the possibility that [he] might later establish some set of undisclosed facts to support recovery.'" Callaway v. Am. Med. Sys., Inc., 2011 WL 7724268, *4 (W.D. La. Dec. 8, 2011) (citing Twombly, 550 U.S. at 561–62). Here, Plaintiff Walker's belief that she is being treated differently, without more, will not save her claim. Accordingly, Plaintiff Walker's equal protection claim shall be dismissed.

   3.   Challenge to SPD 301.06(V)(F)(1), (2), & (3).

   The Plaintiffs challenge SPD 301.06(V)(F)(1), (2), & (3), which require disclosure of medical information upon the use of sick leave. The Plaintiffs assert that these disclosure requirements violate the ADA, the Rehabilitation Act, the Louisiana Constitution, and the Louisiana Employment Discrimination Statute. Further, the Plaintiffs complain that these requirements force them to pay for medical appointments or use insurance to pay for appointments simply to be able to comply with the Policy requiring an SPD-3 to be submitted upon return to work.

      a.   The ADA.

         i.   Inquiry Provision.

   Title 42, United States Code, Section 12112(d)(4)(A) provides that

   [a] covered entity shall not require a medical examination and shall not make
   inquiries of an employee as to whether such employee is an individual with
   a disability or as to the nature or severity of the disability, unless such
   examination or inquiry is shown to be job-related and consistent with
   business necessity.

42 U.S.C. § 12112(d)(4)(A). The Plaintiffs allege that the SPD-3 form requirement, which internally incorporates a medical examination requirement, violates this "inquiry" provision of the ADA.

As previously mentioned, for a claim to be alleged under Title II of the ADA, the complaint must contain factual allegations that: (1) the plaintiff is disabled, (2) he has been excluded from participating in, or been denied the benefit of, services, programs, or activities for which the public entity is responsible, and (3) such exclusion or denial was by reason of his disability. See Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011). Once again, absent from the complaint is any factual allegation that would lead to the conclusion that the Plaintiffs are disabled and were discriminated against based on this disability. However, the Fifth Circuit has declined to decide whether a Plaintiff must be disabled to assert a challenge under the medical inquiry portion of the ADA.  See Bachman v. Donahoe, 460 F. App'x 383, 384 (5th Cir. 2012) ("we have reserved the question of whether a person who is not 'disabled' under the ADA has standing to bring a claim under § 12112(d) . . .").

Nonetheless, a plain review of the ADA establishes that Section 12112(d)(4)(A) falls under the purview of Title I of the ADA, not Title II. See also Murdock v. Washington, 193 F.3d 510, 512 (7th Cir. 1999)(explaining that Title I of the ADA, which prohibits disability discrimination in employment, has a provision limiting medical testing for disabilities).  Title I requires exhaustion of administrative remedies before filing suit.  See Dao v. Auchan Hypermarket, 96 F.3d 787, 788–89 (5th Cir.1996)(holding that an employee asserting a claim under Title I of the ADA must exhaust administrative remedies before bringing suit in federal court against his employer).  Thus, exhaustion of administrative remedies is a

"precondition to filing suit in district court." Id. Because the Plaintiffs have narrowed the scope of their claims to Title II in an obvious attempt to avoid dismissal for failure to exhaust administrative remedies,[6] the Court cannot allow an isolated Title I claim to stand.[7] If Title I has not been abandoned, then the Court finds that the Plaintiffs have not exhausted their administrative remedies.  Accordingly, these claims shall be dismissed.

ii.     Disclosure of Information.

The Plaintiffs claim that: (1) the SPD-3 forms are not being maintained securely and (2) Jessica Walker's medical information was improperly disclosed in violation of the law. That is, the Plaintiffs allege that Lieutenant Rita James, who is not a defendant, "told Officer Sorrells that Plaintiff Walker was lying about her medical condition and discussed her medical condition where it could be heard by other officers.  Upon information and belief, Lt. James made similar comments to other members of the police department about Walker's medical conditions without any need or legitimate reason for doing so." Record Document 19, pp. 1-2. Furthermore, the Plaintiffs contend that because it is so well-known that supervisors are openly discussing the medical conditions of police officers, more senior supervisors knew or should have known this was happening and acted to stop it. Because they failed to stop these actions, the City is liable.

---

[6] Indeed, the Plaintiffs' stated: "Plaintiffs are not required to exhaust administrative remedies under Title II or under the Rehabilitation Act . . .  As there is no exhaustion requirements [sic], this court has jurisdiction to hear plaintiffs' claims." Record Document 22, pp. 17-18.

[7] It is undisputed that the Plaintiffs did not file a discrimination charge with the EEOC or with a state or local agency before bringing suit.

The Defendants counter that the Plaintiffs have failed to sufficiently plead a cause of action because the Plaintiffs have not demonstrated that persons not authorized to hear Plaintiff Walker's privileged information actually heard the privileged information.

Although not readily apparent on its face, the Plaintiffs are alleging a violation of 42 U.S.C. § 12112(d)(4)(C), which provides that information obtained pursuant to an employee's medical examination shall be "maintained on separate forms and in separate medical files" and be "treated as a confidential medical record," although supervisors and managers are permitted to be kept apprised of work restrictions and work accommodations. 42 U.S.C. § 12112(d)(4)(C). Because this ADA provision similarly falls under the ambit of Title I, which requires exhaustion of administrative remedies, these claims shall be dismissed.

### iii.    Payments for Medical Exams.

In a wholly conclusory manner, the Plaintiffs assert that they were denied fringe benefits and leave "solely" because of their medical conditions. See Record Document 22, p. 24. The Court surmises that the Plaintiffs' complaint is that once the Policy was implemented, officers were required to see a health care provider to obtain an SPD-3 and, in doing so, pay for a medical appointment. The Court presumes that officers who missed more than two days of work before the implementation of the Policy did not have to incur such an expense because they were not required to obtain and submit an SPD-3. Herein lies the difficulty faced by the Court:  the Court can only surmise and presume to understand what the Plaintiffs are contesting, a problem created by an inartfully drafted complaint. Further compounding the problem is that no law whatsoever is cited in support of this claim.  The Court finds that because the Plaintiffs have failed to: (1) precisely

articulate a set of facts which could lead to recovery; (2) identify how the scenario complained of injured the Plaintiffs "solely due to their medical condition;" and (3) identify a violation of the law, this claim shall be dismissed.  In short, the Plaintiffs' complaint contains insufficient allegations to raise a right to relief above a speculative level.

        b.    Rehabilitation Act.

The Rehabilitation Act is an antidiscrimination statute.  Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.  "[T]he rights and remedies afforded plaintiffs under Title II of the ADA are almost entirely duplicative of those provided under § 504 of the Rehabilitation Act." Bennett–Nelson v. Louisiana Bd. of Regents, 431 F.3d 448, 454 (5th Cir. 2005).  Congress intended that Title II of the ADA "work in the same manner as Section 504,"and jurisprudence interpreting either statute is generally applicable to both.  Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000) (internal marks omitted).

A claim for a violation of Section 504 must establish that:  (1) the plaintiff is an individual with a disability, (2) he was otherwise qualified for the position, (3) he worked for a program or activity that received federal financial assistance, and (4) he was discriminated against solely because of his disability. See Chandler v. City of Dallas, 2 F.3d 1385, 1390 (5th Cir.1993); Washburn v. Harvey, 504 F.3d 505, 508 (5th Cir. 2007).

Once again, the Plaintiffs' pleadings have  provided no meaningful context in which to analyze these elements.  That is, the Plaintiffs have failed to establish that they have a

disability and that they were adversely treated because of this disability.  A review of the Plaintiffs' filings demonstrates that they have failed to articulate any set of facts which could elucidate for the Court how the Rehabilitation Act is implicated by the facts, or how it has been violated.  Dismissal is therefore necessary because the Plaintiffs have failed to allege the critical elements necessary to obtain relief.

      4.    <u>Plaintiff Williams' Claim That She Was Forced To Work a Day Off.</u>

Although the Court initially denied the Defendants' motion to dismiss Plaintiff Williams' claim that she was forced to work a day off after taking legitimate sick leave [Record Document 15], it allowed the Plaintiffs to amend the complaint to state a cause of action against individual defendants [Record Document 18]. Plaintiff Williams did not amend the complaint, thus the only allegations cited in support of this claim are that the City required her to

> work on a scheduled day off simply because she called in sick to take her daughter to the doctor due to a serious medical condition incurred by her daughter despite no provision permitting this in the old or Amended Policy. Upon information and belief, other officers are being forced to work their days off after exercising their rights under the City's policy.

Record Document 1-4, p. 8. In response, the Defendants claim Plaintiff Williams was not harmed by this event because she still had two days off of work that week and was not required to convert one of her days off to Family Sick Leave.  Plaintiff Williams counters that she was denied pay, in that she should have been paid for the sick day she took, rather than having this day calculated as one of her days off for that week.

Once again, the Plaintiffs' insufficient allegations result in dismissal of their claim. The Plaintiffs represent that SPD's action against Plaintiff Williams was taken "despite no provision permitting this in the old or Amended Policy." Therefore, the Plaintiffs' challenge

is not to the Policy itself, or even the disparate or unfair application of the Policy to Williams. Rather the Plaintiffs appear to take issue with the fact that on a certain occasion, an unidentified person, acting outside the parameters of the Policy, converted Williams' sick leave day to a day off. The Plaintiffs have not identified any legal basis for this particular challenge, a deficiency further complicated by the dearth of facts cited in support of this claim. This Court cannot speculate on what facts exist to support the elements of an unidentified cause of action. As the Supreme Court has explained, a complaint is insufficient "if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1950 (internal marks omitted). Accordingly, this claim shall be dismissed.

     5.    Miscellaneous State Law Claims.

The Plaintiffs contend that SPD 301.06(V)(F)(1), (2), & (3) violate Louisiana Revised Statute 23:323, as well as Article 1, Section 5 of the Louisiana State Constitution. Title 28, United States Code, Section 1367 provides that a district court may decline to exercise supplemental jurisdiction when the court has dismissed all claims over which it has original jurisdiction. On that basis, the Court hereby declines jurisdiction over these remaining state law claims.

III.    CONCLUSION.

For the foregoing reasons,

**IT IS ORDERED** that the Defendants' Motion To Dismiss [Record Document 20] be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that all claims by the Plaintiffs regarding alleged violations of 42 U.S.C. § 12112(d) are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiffs' state law claims, alleging violations of Louisiana Revised Statute 23:323, as well as Article 1, Section 5 of the Louisiana State Constitution, are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all remaining claims by the Plaintiffs against the Defendants are **DISMISSED WITH PREJUDICE**.

A judgment consistent with the instant memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED** on this _24th_ day of September, 2014.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE