**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **FRED TAYLOR, VICKIE WILLIAMS, JESSICA WALKER, MICHAEL CARTER, INDIVIDUALLY AND ON BEHALF OF SIMILARLY SITUATED OFFICERS OF THE SHREVEPORT POLICE DEPARTMENT** | **NUMBER: 5:13-cv-02227** |
| **VERSUS** | **JUDGE FOOTE** |
| **CITY OF SHREVEPORT AND WILLIE SHAW, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE, DUANE HUDDLESTON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DEPUTY CHIEF OF POLICE, DAVID KENT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS ASSISTANT CHIEF OF POLICE AND DEBBIE STRICKLAND, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS CAPTAIN OF SHREVEPORT POLICE DEPARTMENT** | **MAGISTRATE JUDGE HORNSBY** |

# MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND REURGING MOTION TO DISMISS

Respectfully submitted,

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, L.L.P.

By: s/ Edwin H. Byrd, III
Edwin H. Byrd, III, Bar No. 19509
400 Texas Street, Suite 400 (71101)
Post Office Box 1786
Shreveport, Louisiana 71166-1786
Phone: (318) 221-1800 Fax: (318) 226-0390

ATTORNEYS FOR DEFENDANT,
THE CITY OF SHREVEPORT

## TABLE OF CONTENTS


I. Factual and Procedural Background ........ 2

II. Summary Judgment Standard ........ 3

III. Chronic Condition ........ 5

IV. State Law Claims ........ 7

V. Conclusion ........ 10

# TABLE OF AUTHORITIES

**STATUTORY LAW:**


29 U.S.C. §701 ........................................................................................ 5

42 U.S.C. §12112(4)(A) ................................................................... 6, 7, 10

Art. I §5 of the Louisiana Constitution ................................................. 8, 10

F.R.C.P. 12(b)(6) ......................................................................... 1, 2, 7, 10

Fed. R. Civ. P. 56 .......................................................................... 3, 7, 10

Fed. R. Civ. P. 56(a) ................................................................................ 3

La. R.S. 23:322......................................................................................... 8

La. R.S. 23:323.................................................................................... 3, 8

La. R.S. 23:323(A) .................................................................................... 8

29 C.F.R. Pt. 1630, App. §1630.14(c) ....................................................... 6


**OTHER LAW:**


A.D.A. Technical Assistance Manual Chap. VI, 12-14 (1992).............................. 6


**CASE LAW:**


Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986)............................................ 3

Armstrong v. Turner Industries,
141 F.3d 554 (5th Cir. 1998)....................................................................... 8

Brown v. Brown and Williamson Tobacco Corp.,
79 F.3d 383 (5th Cir. 2007)......................................................................... 4

Brown v. City of Ethan, Texas,
337 F.3d 539 (5th Cir. 2003)....................................................................... 4

Byrd v. City of Bossier,
2014 WL 2429542 (W.D. La. 2014) .............................................................. 4

Carnaby v. City of Houston,
636 F.3d 183, 187 (5th Cir. 2011) .......... 4

Celotex Corp. v. Catrett,
477 U.S. 317, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986) .......... 4

Conine v. Universal Oil Products Co.,
42,409 (La. App. 2 Cir. 9/26/07), 966 So.2d 763 .......... 8

Ennis v. Dept. of Public Safety and Corrections,
558 So.2d 617, 624 (La. App. 1 Cir. 1990) .......... 9

Fox v. City of Alexandria,
971 So.2d 468 (La. App. 3d Cir. 2007) .......... 9

Harrison v. Benchmark Electronics Huntsville, Inc.,
593 F.3d 1206 (11th Cir. 2010) .......... 8

Jeffreys v. Rossi,
275 F.Supp.2d 463 (S.D.N.Y. 2003) .......... 4

Little v. Liquid Air Corp.,
37 F.3d 1069, 1075 (5th Cir. 1994) .......... 4

Nuwer v. Mariner Post-Acute Network,
332 F.3d 310 (5th Cir. 2003) .......... 4

Pitcher v. Iberia Parish School Board,
280 So.2d 603, 608 (La. 1973) .......... 9

Scott v. Harris,
550 U.S. 372, 381, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) .......... 4

State v. Skinner,
10 So.2d 1212, 1215, 2008-2522, p.6 (La. 2009) .......... 8

Taylor v. City of Shreveport,
798 F.3d 276, 281, 286-287 (5th Cir. 2015) .......... 2, 5

Tribble v. Ouachita Parish Police Jury,
939 F.Supp.2d 626 (W.D. La. 2013) .......... 8

Trans-Orient Marine Corp. v. Star Trading and Marine, Inc.,
925 F.2d 566 (2d Cir. 1991) .......... 4

Turner v. Baylor Richardson Medical Center,
476 F.3d 3-7 (5th Cir. 2007) .......... 4

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **FRED TAYLOR, VICKIE WILLIAMS JESSICA WALKER, MICHAEL CARTER, INDIVIDUALLY AND ON BEHALF OF SIMILARLY SITUATED OFFICERS OF THE SHREVEPORT POLICE DEPARTMENT** | **NO: 5:13-cv-02227** |
| **VERSUS** | **JUDGE FOOTE** |
| **CITY OF SHREVEPORT AND WILLIE SHAW, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE, DUANE HUDDELSTON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DEPUTY CHIEF OF POLICE, DAVID KENT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS ASSISTANT CHIEF OF POLICE AND DEBBIE STRICKLAND, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS CAPTAIN OF SHREVEPORT POLICE DEPARTMENT** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND REURGING MOTION TO DISMISS**

MAY IT PLEASE THE COURT:

This matter is once again before the Court, this time on the Motion for Summary Judgment filed by the defendants seeking dismissal of the plaintiffs' sole remaining "medical inquiry" claim under the Rehabilitation Act and the claims of the plaintiffs alleging violations of their rights under the Louisiana Constitution and Louisiana statutory law. Defendant also reurges its Motion, pursuant to F.R.C.P. 12(b)(6) on the state law claims.

## I. Factual and Procedural Background

The claims asserted by the plaintiffs are well known to this court and need not be repeated here. The factual and legal arguments asserted by defendant in its previously filed Motion to Dismiss and various reply briefs is incorporated herein by reference. (Docs. 3, 7, 11, 13, 14, 20, 23).

The Court has previously granted defendants' Motion to Dismiss and dismissed the federal claims asserted by the plaintiffs, declining to exercise jurisdiction over the Louisiana state law claims. The Court also dismissed the plaintiffs' claims against the individual defendants. (Doc. 24).

Plaintiffs appealed this ruling to the Fifth Circuit Court of Appeals. That Court affirmed the ruling of this Court, save for the dismissal of the claim alleging that the portion of the SPD-3 which requested information as to whether or not the plaintiff had a "chronic condition" might violate the Rehabilitation Act. Taylor v. City of Shreveport, 798 F.3d 276, 286 (5th Cir. 2015). The Court of Appeals noted that this allegation was not a proper subject for dismissal under F.R.C.P. 12(b)(6); however, dismissal might be proper on a Motion for Summary Judgment in the event defendant was able to provide evidence that this requirement was job related and consistent with business necessity. (*id.* at pp. 286-287). The Fifth Circuit also noted that this Court had declined to exercise jurisdiction over the state law claims, a decision which this Court could now reconsider in light of the reversal on this singular federal claim.

The Affidavit of Duane Huddleston, Deputy Chief of Police for the Shreveport Police Department, shows that the request that a police officer who has used

undocumented sick leave for three days or who has used documented sick leave provide information as to whether or not the condition will require additional leave from work for the condition serves several purposes. The requirement allows the Department to determine whether or not a police officer is physically and mentally able to perform the necessary functions of his job assignment. The requirement allows the Department to staff positions so as to allow adequate police coverage for the City at all times. The requirement eliminates the need for the police officer to provide additional medical documentation for treatment related to the same condition. The reasons for requiring that the officer provide the information concerning a "chronic condition" are clearly job related and consistent with a business necessity and defendant is entitled to Summary Judgment dismissing this sole remaining claim.

Plaintiffs also make various claims based on state law. The claim that the sick leave policy violates La. R.S. 23:323 is not cognizable because the plaintiffs do not allege that they are "disabled" or that they are a "prospective employee" as required to state a claim for a violation of that statute. Plaintiffs do not claim any damages to them resulting from any specific inquiry into their condition. Plaintiffs claim for a violation of their right to privacy under the Louisiana Constitution fails because they have failed to show there was not a legitimate state interest in obtaining the requested information.

## II. Summary Judgment Standard

Under Rule 56, summary judgment should be rendered when a party is unable to show a "genuine dispute as to any material fact" on which that party will bear the burden of proof at trial. Fed. R. Civ. P. 56(a); *See also*, Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986). The law of this circuit, and federal courts in general, is clear that summary judgment is appropriate in any case where the evidence offered in opposition to the motion is so weak or tenuous that it could not support a judgment in favor of the non-movant. Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994). While courts may not assess credibility on summary judgment, if evidence is contradictory or implausible, it may be disregarded. Self-serving and contradictory testimony cannot defeat a motion for summary judgment by attempting to create a material issue of fact. Trans-Orient Marine Corp. v. Star Trading and Marine, Inc., 925 F.2d 566 (2d Cir. 1991); Jeffreys v. Rossi, 275 F.Supp.2d 463 (S.D.N.Y. 2003). Conclusory or unsubstantiated allegations and statements are not competent evidence to defeat summary judgment. Little, 37 F.3d 1069 at 1075; Brown v. Brown and Williamson Tobacco Corp., 79 F.3d 383 (5th Cir. 2007). Turner v. Baylor Richardson Medical Center, 476 F.3d 3-7 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences and unsupported speculation are likewise not sufficient to defeat a motion for summary judgment. Brown v. City of Ethan, Texas, 337 F.3d 539 (5th Cir. 2003); Nuwer v. Mariner Post-Acute Network, 332 F.3d 310 (5th Cir. 2003).

The Court should not rely on the plaintiff's description of facts where the video recording discredits that description "but should instead consider 'the facts in the light depicted by the videotape.'" Carnaby v. City of Houston, 636 F.3d 183, 187 (5th Cir. 2011) (quoting Scott v. Harris, 550 U.S. 372, 381, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007)). In Byrd v. City of Bossier, 2014 WL 2429542 (W.D. La. 2014), this Court

explained that the plaintiff's deposition testimony was not consistent with a photograph of the scene and therefore the court must disregard those portions of his testimony and granted defendants' motion for summary judgment.

## III. Chronic Condition

The only claim remaining to plaintiffs under Section 504 of the Rehabilitation Act is based on the requirement that a police officer provide the Department with certain medical information in the event the officer has been on sick leave and desires to return to work while suffering from a condition that might require additional occasional absences. In reversing this Court's grant of defendant's Motion to Dismiss on this issue, the Fifth Circuit stated:

> On remand, the City will have the burden to show that this aspect of the SPD-3 Form requirement is "job-related and consistent with business necessity." To be sure, the City may very well be able to satisfy that standard at the summary judgment phase of the case. As a paramilitary organization charged with maintaining public safety, a police department must ensure that its officers are in peak physical and mental condition. Taylor v. City of Shreveport, *supra* at 286.

As noted by the Fifth Circuit, "a police department, as a paramilitary organization, must be given considerably more latitude in its decisions regarding discipline and personnel management than the ordinary government employer." *Id.* at 281 (citation omitted). The sick leave regulations of a police department must be reviewed deferentially. *Id.*

The policy at issue, SPD 301.06, provides that, after two days of undocumented sick leave are used by an officer in a single year or if an officer uses documented sick

leave, the officer must have a healthcare provider complete the appropriate section of an SPD-3 Form and that Form is to be submitted to a designated individual within the Department as soon as possible after a medical examination. If the officer has a chronic condition that will require occasional absences, the healthcare provider is to provide that information as well as the prognosis and expected further treatment. The "chronic condition" section is only completed if the officer is returning to work but is not considered by his physician to be at full duty.

The information provided in the "chronic conditions" section of SPD-3 does not violate the Rehabilitation Act's prohibition of certain medical information inquiries. Inquiries, such as the "chronic condition" inquiries, that are job-related and consistent with a business necessity are excluded from the prohibition of medical inquiries which may tend to show an employee is an individual with a disability. 42 U.S.C. §12112(4)(A). An employer is permitted to make medical inquiries when there is a need to determine if an employee is able to perform the essential functions of their job. 29 C.F.R. Pt 1630, App. §1630.14(c). A medical inquiry is allowed in situations where an employee wishes to return to work following an illness or injury. *A.D.A Technical Assistance Manual*, Chap. VI, 12-14 (1992).

The "chronic condition" inquiry provides the Department with information regarding an officer's need for additional, occasional absences as well as the prognosis for the chronic condition and any expected further treatment.

Providing this information eliminates the need for an officer to obtain a healthcare provider's statement for each use of sick leave necessitated by the chronic condition.

The information also allows the Department to properly staff its needs and fulfill its public safety mission. The requested information is also necessary for the Department to ensure that an officer returning to work after an illness or injury is still able to perform the essential functions of their job, physically and mentally. The information is used by the Department to determine if "chronic condition: may present a safety concern for other officers or the general public, given the particular job duties of an officer or if the Department needs to request an additional medical evaluation of an officer before allowing them to return to work.

The Department has a need to ensure that all officers are in a state of physical and mental health as they are responsible for the public safety of the City of Shreveport. Any ongoing mental or physical condition of an officer returning to work after an absence due to sickness may impact that officer's ability to apprehend violent criminals or impair their judgment in the use of force. The ability to physically and mentally perform the duties of a police officer is job related and a business necessity to allow the Department to fulfill its mission. As such, the "chronic condition" portion of the SPD-3 Form is allowed by 42 U.S.C. § 12112(4)(A).

## IV. State Law Claims

The Court has previously declined to exercise jurisdiction over the plaintiffs' state law claims. Defendant reurges its previously filed Motion to Dismiss these claims pursuant to F.R.C.P. 12(b)(6).

Defendant also shows the Court that the claims of the plaintiffs are subject to dismissal pursuant to F.R.C.P. 56.

Louisiana Revised Statute 23:323 is an anti-discrimination provision which includes a section addressing discrimination involving a "qualified disabled person." La. R.S. 23:323(A). No plaintiff is allegedly a qualified disabled person.[1] As shown by the Affidavit of Duane Huddleston, the inquiry on the SPD-3 Form is not made for any discriminatory purpose and defendant has advanced a legitimate non-discriminatory reason for obtaining the requested information. *See*, Tribble v. Ouachita Parish Police Jury, 939 F. Supp.2d 626 (W.D. La. 2013). Plaintiffs have no evidence which would support a contrary finding. Additionally, plaintiffs have not shown that they suffered any damage as a result of any medical inquiry made of them. *See*, Harrison v. Benchmark Electronics Huntsville, Inc., 593 F.3d 1206 (11th Cir. 2010); Armstrong v. Turner Industries, 141 F.3d 554 (5th Cir. 1998). These plaintiffs are not entitled to recovery under this provision of Louisiana law.

Plaintiffs also reference a "Louisiana Constitutional Right to Privacy" claim. The authorities referenced by plaintiffs in their previously filed Oppositions to the Motion to Dismiss do not support their contentions. In State v. Skinner, 10 So.2d 1212, 1215 (La. 2009), the court recognized that the right to privacy provided in Art. I §5 of the Louisiana Constitution is evaluated under the same "reasonable expectation of privacy" test developed under federal jurisprudence. The plaintiffs' failure to plead that particular information was disclosed prevents plaintiffs from pursuing a claim on this basis as well.

[1] No plaintiff alleges they have a physical or mental impairment substantially limiting a major life activity, has a record of such an impairment or is regarded as having such an impairment. La. R.S. 23:322; Conine v. Universal Oil Products Co., 42,409 (La. App. 2 Cir. 9/26/07), 966 So.2d 763.

Plaintiffs also reference some "general" right to privacy. Under general privacy law an employer can obtain the type of information at issue. *See*, *e.g.*, Pitcher v. Iberia Parish School Board, 280 So.2d 603, 608 (La. 1973) (rational basis for requirement that teachers obtain an annual physical and submit that medical record to their employer). Plaintiffs' reliance in previous filings upon Fox v. City of Alexandria, 971 So.2d 468 (La. App. 3d Cir. 2007) is also misplaced. In that case, the court addressed whether a police officer's sick leave status should have been disclosed to a bank. There is no analogous claim asserted in this matter.

Plaintiffs have contended that the sick leave policy, apparently as applied, results in the SPD-3 being placed in "supervisors boxes and they discuss the officers medical condition." (Complaint ¶18). On a second occasion in supplemental filings, plaintiffs essentially restate this claim, citing the same cases, and calling the claim a "Louisiana Constitutional Right to Privacy Claim." (Supplemental Memorandum ¶5.b.). The plaintiffs claim these alleged acts somehow violate a public service employee's right to privacy under Louisiana's Constitution. Yet, plaintiffs cite no authority or facts to show that providing a public service employee's sick leave form to a supervisor is not rationally related to a legitimate government interest.[2] The request for information on the SPD-3 is relevant and tailored to what the supervisory chain needs to review an employee's use of

[2] The case cited by plaintiffs, Ennis v. Dept. of Public Safety and Corrections, 558 So.2d 617 (La. App. 1 Cir. 1990), upheld a civil service commission's determination that a request for an employee's entire medical history was improper under the circumstances, and did not limit the disclosure to what was "genuinely relevant to the appointing authority's need to know." *Id.* at 624. Ennis and the case *sub judice* are substantially distinguishable. Here, employees are simply asked to provide the most basic of information on the SPD-3 to document the reason for the sick leave and to inform supervisors that the employee is or is not able to perform their duties.

sick leave and basic fitness to return to duty.[3] Lastly, plaintiffs have pleaded no facts to show that a person without a legitimate need to know has obtained access to their medical information. Therefore, the claim for an alleged violation of privacy in the plaintiffs' medical information must be dismissed.

## V. Conclusion

The Affidavit of Duane Huddleston, Deputy Chief of Police, shows the business necessity of obtaining information regarding ongoing medical conditions of employee police officers. The "chronic condition" section is only completed when an employee returns to duty after a period of sick leave and requires ongoing medical care. This allows the Department to make decisions regarding factors for duty, staffing, safety of other officers and the safety of the public. It also allows the employee to take sick leave related to the condition without the necessity of returning to the physician. Because there is a business necessity for the requested information, 42. U.S.C. §12112(4)(A) allows the inquiry.

Plaintiffs' state law claims are also subject to dismissal pursuant to F.R.C.P. 12(b)(6) and 56. The plaintiffs have failed to plead these claims with sufficient specificity and the defendant has shown that there are legitimate business reasons for the requested information.

[3] Under Louisiana's Constitution, the right to privacy provided in Art. I, §5, is evaluated using the same reasonable expectation of privacy test developed under federal jurisprudence. State v. Skinner, 2008-2522, p.6 (La. 5/5/09), 10 So.2d 1212, 1215 (holding that a person can have a reasonable expectation of privacy in medical records under Louisiana's Constitution).

Respectfully submitted,

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, L.L.P.

By: s// Edwin H. Byrd, III
Edwin H. Byrd, III, Bar #19509
400 Texas Street, Suite 400 (71101)
Post Office Box 1786
Shreveport, Louisiana 71166-1786
Ph. (318) 221-1800 Fax (318) 226-0390

ATTORNEYS FOR DEFENDANTS,
THE CITY OF SHREVEPORT

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was this date filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent electronically to all counsel of record by operation of the Court's CM/ECF system.

Signed in Shreveport, Louisiana on this 29th day of January, 2016.

/s/ Edwin H. Byrd, III
OF COUNSEL